ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AMERICAN INTERNATIONAL GROUP,                :   Case No. 07 Civ. 10689 (DAB)
INC.,                                        :
                         Plaintiff,          :
                                             :
        -against-                            :
                                             :   **ORDER TO SHOW CAUSE**
TIMOTHY KANIA,                               :
                                             :
                         Defendant.          :
                                             :
------------------------------------------------------------ x

Upon the annexed declarations of David Hawksby, Ronald Bolanos, Max Stempel, and Kevin Reed and the accompanying Memorandum of Law, Summons, and Complaint, together with all exhibits and attachments thereto, it is hereby:

ORDERED, that the above named Defendant, Timothy Kania ("Defendant"), show cause before this Court, in Courtroom ___ of the United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on _____ ___, 2007, at _____ o'clock in the ___.m. thereof, or as soon thereafter as counsel may be heard, why a preliminary injunction should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendant and all persons and entities acting in concert with him as follows:

(1) Enjoining Defendant from using or disclosing any of AIG's proprietary, confidential and/or trade secret information, including but not limited to such information concerning the business or affairs of AIG, its affiliates and clients;

(2) Requiring Defendant to return to AIG any of AIG's proprietary, confidential and/or trade secret information, including but not limited to such information concerning the business or affairs of AIG, its affiliates and clients;

MICROFILMED
DEC - 4 2007 -2:00 PM

Returned to chambers for scanning on 12/18/07
09223/2307816.1
Scanned by chambers on 12/0_

(3) Prohibiting Defendant from doing any of the following for a period of six months:

(a) providing services equivalent or similar to those he provided to AIG at any time in the past 24 months to any competitor of AIG, including but not limited to C. V. Starr & Co., Inc. and its affiliates;

(b) soliciting any employee of AIG on behalf of any competitor of AIG, including but not limited to C. V. Starr & Co., Inc and its affiliates ("Starr"); and

(c) soliciting insurance business of any sort or type in which he was involved during the past 24 months from any client or customer served by any AIG business unit Defendant directly or indirectly managed or was employed in during the past 24 months; and

(4) Requiring defendant to preserve all potentially relevant evidence pending trial of this matter, including but not limited to any and all documents and information obtained by defendant as a result of or during the course of his employment with AIG.

It is FURTHER ORDERED that pending the hearing of Plaintiff's application for a preliminary injunction, and to prevent immediate and irreparable injury, loss and damage to Plaintiff as alleged in the accompanying declarations and memorandum of law, that the Defendant, including all persons and entities acting in concert with him, is hereby TEMPORARILY RESTRAINED as follows:

(1) Defendant is enjoined from using or disclosing any of AIG's proprietary, confidential and/or trade secret information concerning the business or affairs of AIG, its affiliates and clients; and

(2) ~~Defendant is~~ *The parties are* directed to preserve all potentially relevant evidence pending trial of this matter, ~~including but not limited to any and all documents and information obtained by defendant as a result of or during the course of his employment with AIG.~~

09223/2307816 1                                       2

It is FURTHER ORDERED that, pending Plaintiff's application for a preliminary injunction, and pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, discovery in this case be expedited and proceed as follows:

(1) Defendant shall produce the following documents ~~on two (2) days notice:~~ *by close of business on December 5, 2007*

    (a) any and all documents removed from his AIG Office by him or anyone acting at his direction, or sent from his AIG computer to any personal e-mail account he maintains, on or after October 27, 2007, and any and all documents containing AIG's proprietary, confidential and/or trade secret information concerning the business or affairs of AIG, its affiliates and clients;

    (b) any and all agreements between him and Starr; and

    (c) any and all documents concerning, relating to or referencing his recruitment and/or hiring by Starr.

*The parties shall cooperate on setting depositions of relevant witnesses on an expedited schedule.*

(2) ~~Defendant shall appear for deposition at the offices of Plaintiff's counsel, Quinn Emanuel Urquhart Oliver & Hedges, LLP, at 51 Madison Avenue, 22nd Floor, New York, New York on five (5) days notice.~~

(3) *Plaintiff will produce relevant documents on an expedited schedule.*

(3) *The parties will appear for a conference*

~~It is FURTHER ORDERED that security in the amount of $_____ shall be posted by the Plaintiff prior to _____, 2007 at ____ o'clock in the ___ m. thereof.~~

*Parties will call to schedule a conference, if necessary.* DAB 11/30/07

It is FURTHER ORDERED that service *today* of this Order to Show Cause, together with the papers on which it was granted, shall be deemed good and sufficient service ~~if made by~~

~~personal delivery or facsimile on Defendant or his counsel on or before ___ in on November~~

~~__, 2007.~~

SO ORDERED, ON CONSENT OF THE PARTIES

*Deborah A. Batts*
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
　　　November 30, 2007